Joseph S. Conover, Jr. and Carol T. Conover v. Commissioner.
Conover v. Commissioner
Docket No. 2929-64.
United States Tax Court
T.C. Memo 1966-61; 1966 Tax Ct. Memo LEXIS 222; 25 T.C.M. (CCH) 336; T.C.M. (RIA) 66061; March 22, 1966
*222 Held, that amounts expended by the petitioner in connection with his attendance at a university are not, under the circumstances obtaining, deductible as ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954. Joseph S. Conover, Jr., pro se, 316 Springbrook Trail, Sparta, N. J. Alan M. Stark, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the taxable year 1961 in the amount of $143.48. In his *223 answer the respondent made claim for an increase of $28.88 in the deficiency due in part to the concession of the petitioners that they claimed an excessive deduction for interest paid, and due in part to a mathematical error in the computation of the deficiency. The issue is whether educational expenses totaling $630.16, incurred by petitioner Joseph S. Conover, Jr., in connection with his attendance at Fairleigh Dickinson University in New Jersey, are deductible by him as ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954. Findings of Fact The petitioners are husband and wife residing in Sparta, New Jersey. They filed a joint Federal income tax return for the taxable year 1961 with the district director of internal revenue at Newark, New Jersey. Joseph S. Conover, Jr., will hereinafter be referred to as the petitioner. In 1957 the petitioner began working for the Crestmont Country Club (hereinafter referred to as the club) in West Orange, New Jersey, as the assistant to his father, who was the superintendent there. Such employment continued until 1961. During summers he worked full time, but during the *224 school year he worked only part time, evenings and nights. His duties involved general maintenance work, electrical work, and the care of electrical and mechanical equipment, which included 20 to 25 electric battery-driven golf carts, tractors, motors, and hydraulic equipment. He also laid out pipelines. Occasionally he watered the greens and mowed the lawns. While he was employed by the club no one else held a position as assistant to the superintendent, and the club did not, during such time, employ outside electricians to do electrical work. During summers, when he was employed full time, he was paid about $160 per week. The amount of salary which he received averaged about $6,000 per year. During the taxable year 1961 petitioner attended Fairleigh Dickinson University, taking courses in electricity, electronics, mechanics, thermodynamics and other courses of this nature. He held his job with the club while he was going to school because he could fit it in with his school schedule. He was not required by the club to take these courses. He already had sufficient knowledge to permit him to perform his duties at the club adequately. In the latter part of 1961 petitioner left his *225 employment with the club and accepted employment with the Automatic Switch Company as a mechanical engineer, at a salary of $140 per week. Such position required a degree in mechanical engineering which petitioner did not then have, but in 1962 he graduated from the university with a degree in science and mechanical engineering. During 1961 the petitioner paid educational expenses of $630.16 in connection with his attendance at the university. In his return for 1961 he claimed such amount as a deduction, which was disallowed by the respondent. The expenditures in question were not for education undertaken primarily for the purpose of maintaining or improving skills required by the petitioner in his employment. Opinion Section 162(a) of the Internal Revenue Code of 1954 allows as a deduction all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 262 of the Code provides that, with certain exceptions not here pertinent, no deduction shall be allowed for personal, living, or family expenses. Section 1.162-5 of the Income Tax Regulations[1] provides that expenditures *226 made by a taxpayer for his education are deductible if they are for education undertaken primarily for the purpose of maintaining or improving skills required by him in his employment or other trade or business or of meeting the express requirements of his employer imposed as a condition to the retention of his salary, status, or employment. Such regulations further provide that expenditures made by a taxpayer are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. *227 The petitioner contends that the burden of proof is on the respondent to show that the claimed deduction is not allowable. Such contention is erroneous. It is well settled that the determination of the respondent "has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong." Welch v. Helvering, 290 U.S. 111. See also Rule 32 of the Rules of Practice of this Court. The petitioner testified that he could not have held his job with the club if he had not had the courses which he took during that year. On the contrary the evidence shows that the petitioner had held the job since 1957 and that he was not required by his employer to take these courses. The petitioner also contends that his primary purpose in taking the college courses in 1961 was to maintain and improve skills required in his employment during 1961 and that therefore the expenses incurred are deductible. However, the evidence does not support such contention. Rather, the evidence shows, and we have found as a fact, that such was not the primary purpose. It would be unreasonable to conclude that the primary purpose of the petitioner in taking these courses *228 leading to a degree in mechanical engineering was to improve the skill needed by him in his job of maintaining the equipment at the club. The petitioner himself testified that such employment was "a job that I held while I was going to school because I could fit it in with my school schedule." Rather, the only reasonable conclusion which can be drawn from the record is that the petitioner took the courses in order to become a mechanical engineer and to accept employment as such, which he did. Expenditures for such purpose are not deductible as ordinary and necessary business expenses under section 162(a) of the Code, but are nondeductible personal expenses within the contemplation of section 262 of the Code. Decision will be entered under Rule 50. Footnotes
1. Sec. 1.162-5 of the Income Tax Regulations provides in part: SEC. 1.162-5 Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or speciality therein, the expense of such education is personal in nature and therefore is not deductible.↩